# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DONETA M. BECKHAM ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 06-2876 Mc/An |
| ) | |
| FEDERAL EXPRESS CORPORATION, ) | |
| ) | |
| Defendant . ) | |

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTIONS TO DISMISS

Before the Court is Defendant Federal Express Corporation's Motion for Dismissal or Other Rule 37(b) Sanctions, (D.E. # 19), filed on December 13, 2007. Plaintiff responded in opposition on January 9, 2008, (D.E. # 24). United States Chief District Judge Jon P. McCalla referred the Motion to the Magistrate Judge for a Report and Recommendation. For the reasons set forth below, the Court recommends that Defendant's Motion be **DENIED.**

## BACKGROUND

The Rule 16(b) Scheduling Order in this matter required service of Rule 26(a)(1) initial disclosures by July 9, 2007. After Plaintiff failed to serve initial disclosures upon Defendant, Defendant filed a Motion to Compel. On November 29, 2007, the Court granted Defendant's Motion ordering Plaintiff to comply within five (5) days. Thereafter, on December 12, 2007, the District Court admitted Plaintiff's new counsel *pro hac vice*. Then on December 13, 2007, Defendant filed the present Motion, stating that it had received no disclosures from Plaintiff and requesting dismissal or other sanctions. Shortly thereafter, on December 19, 2007, Plaintiff filed a Notice of Service of Plaintiff's Pre-Discovery Disclosures. Additionally, Plaintiff's Response

1

in opposition to the current Motion states that Plaintiff has retained new counsel who is diligently working on the case and that Plaintiff's former counsel has agreed to pay the fees awarded to Defendant in the Court's Order of January 2, 2008.

## **ANALYSIS**

Under Federal Rule of Civil Procedure 37(b), when a party fails to comply with a previous order, the court may issue a wide range of sanctions, including dismissal of the lawsuit. The decision to impose sanctions lies within the sound discretion of the trial court.[1] Sanctions are "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."[2] As for the specific sanction of dismissal, "[d]ismissal is the sanction of last resort. It should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault."[3] The Sixth Circuit also asks that reviewing courts determine if the adversary was prejudiced by a failure to cooperate in discovery, whether a party was warned that the failure to cooperate could lead to sanctions, and whether less drastic sanctions were first imposed or considered.[4]

Based on this standard, the Court recommends that, despite Plaintiff's failure to timely comply with the Court's Order, sanctions under Rule 37(b) should be denied. It does not appear that Plaintiff's failure to abide by the Court's Order was willful or in bad faith. Additionally, the Court has not yet considered or imposed any lesser sanctions or warned Plaintiff that failure to

---

[1] *See Dillon v. Nissan Motor Co.*, 986 F.2d 263, 268 (8th Cir. 1993).

[2] *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

[3] *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994). *See also Jackson v. Nissan Motor Corp.*, 121 F.R.D. 311, 319 (M.D. Tenn. 1988) (citing *Nat'l Hockey League*, 427 U.S. 639).

[4] *See Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).

cooperate could lead to sanctions. Due to the severity of granting such relief, the Court believes that dismissal pursuant to Rule 37(b) would not be an appropriate sanction at this time. Plaintiff has obtained new counsel who states that he is diligently working on the matter. Additionally, it appears that Plaintiff has now provided Defendant with the Rule 26(a) disclosures. Furthermore, the Court has already granted Defendant its fees and expenses, and Plaintiff's former counsel has agreed to pay those fees and expenses. Thus the Court declines to grant Defendant further relief at this time. The Court, therefore, recommends that Defendant's Motion for Dismissal or Other Rule 37(b) Sanctions be **DENIED**.

## CONCLUSION

As discussed above, the Court finds that Plaintiff's actions do not warrant the harsh sanction of dismissal at this time. Plaintiff is cautioned, however, that failure to comply with future Orders of the Court could result in the imposition of sanctions including, but not limited to, a recommendation to the district court that this matter be dismissed. Therefore, the Court recommends that Defendant's Motion for Dismissal or Other Rule 37(b) Sanctions be **DENIED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: January 22nd, 2008.

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS FROM THE DATE OF SERVICE OF THE REPORT. FAILURE TO FILE THEM WITHIN TEN (10) DAYS OF SERVICE MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.