IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | | |
|---|---|---|---|
| DONETA M. BECKHAM | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 06-2876 Mc/An |
| | ) | | |
| FEDERAL EXPRESS CORPORATION, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTIONS TO DISMISS**

Before the Court is Defendant Federal Express Corporation's Second Motion to Dismiss Pursuant to Rule 41(b) or in the Alternative, for Rule 37(d) Sanctions or to Compel Discovery pursuant to Rule 37(a), (D.E. # 27), filed on February 20, 2008. Plaintiff has not responded. United States Chief District Judge Jon P. McCalla referred the Motion to the Magistrate Judge for a Report and Recommendation. For the reasons set forth below, the Court recommends that Defendant's Motion be **GRANTED.**

**BACKGROUND**

The Rule 16(b) Scheduling Order in this matter required service of Rule 26(a)(1) initial disclosures by July 9, 2007. On November 29, 2007, after Plaintiff had failed to provide the initial disclosures, the Court granted Defendant's Motion to Compel ordering Plaintiff to serve initial disclosures within five (5) days. Thereafter, on December 13, 2007, Defendant filed its first Motion to Dismiss, stating that it still had received no disclosures from Plaintiff. The Court then entered a Show Cause Order on December 27, 2007, which gave Plaintiff ten (10) days to show cause as to why sanctions, including a recommendation to the District Court that the matter

1

be dismissed should not be ordered as a result of Plaintiff's failure to comply with the Court's previous Order. Plaintiff did not file a response to the Show Cause Order. On January 2, 2008, the Court ordered Plaintiff to pay Defendant $419.50 for fees and expenses incurred in filing the Motion to Compel. On January 9, 2008, Plaintiff filed a Response in Opposition to Defendant's first Motion to Dismiss which stated that Plaintiff had retained new counsel who was diligently working on the case and that Plaintiff's former counsel had agreed to pay the fees awarded to Defendant in the Court's Order of January 2, 2008. Taking this into account, on January 23, 2008, the Court entered a Report and Recommendation recommending that Defendant's first Motion to Dismiss be denied. Plaintiff was cautioned at that time, however, that failure to comply with future Orders of the Court could result in a recommendation to the District Court that the case be dismissed. Plaintiff has not made the payment required by the Court's January, 2, 2008, order, has not produced documents in connection with her pre-discovery disclosures, and has not responded to Defendant's interrogatories and requests for production. Defendant now moves for dismissal of this action pursuant to Rule 41(b) due to Plaintiff's failure to prosecute and Plaintiff's failure to comply with the Court's Orders. Alternatively, Defendant moves for the sanction of dismissal pursuant to Rule 37(d) for Plaintiff's failure to respond to discovery.

## **ANALYSIS**

A court has the inherent power to control its docket including dismissing a civil case for lack of prosecution when the plaintiff fails to "diligently move the case to conclusion by obeying the court's pretrial orders . . . ."[1] "The power to invoke this sanction is necessary in order to

---

[1] *Polk-Osumah v. Wayne County, Mich.*, 205 F.R.D. 199, 201 (E.D. Mich. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."[2] In addition to this inherent power, the court also has express power under the Federal Rules of Civil Procedure.

## A. Involuntary Dismissal Under Rule 41(b)

Federal Rule of Civil Procedure 41(b) states that a defendant may move for dismissal of an action based on the plaintiff's failure to prosecute or to comply with a court order.[3] The rule further states that a dismissal under this section can be an adjudication upon the merits.[4] The Sixth Circuit has noted that when a plaintiff receives notice that the court is contemplating dismissal, and the court finds bad faith, a dismissal with prejudice may be appropriate.[5] Because dismissal with prejudice is an extreme sanction, however, it should only be used when a "clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice."[6] Furthermore, the Supreme Court has stated that dismissal of a plaintiff's claim due to the unexcused conduct of her counsel does not impose an unjust penalty on the client.[7] This is because a plaintiff voluntarily chooses her attorney as her representative and must accept the consequences of the acts or omissions of her freely selected agent.[8] When considering whether to dismiss a case for failure to prosecute under Rule 41(b),

---

[2] *Link*, 370 U.S. at 630–31.

[3] Fed. R. Civ. P. 41(b).

[4] *Id.*

[5] *Knoll v. AT & T Co.*, 176 F.3d 359, 363–64 (6th Cir. 1999).

[6] *Pope v. Memphis Police Dep't.*, 762 F.2d 1013 (6th Cir. 1985) (quoting *Consolidation Coal Co. v. Gooding*, 703 F.2d 230, 233 (6th Cir. 1983) (internal quotation marks omitted)).

[7] *Link*, 370 U.S. at 633–34.

[8] *Id.*

3

the court considers four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.[9]

"Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct."[10]

Applying the factors to the case at hand, the Court determines that dismissal is appropriate. Regarding the first factor, willfulness, bad faith, or fault, the Court finds that Plaintiff is at fault in causing the dismissal due to her failure to respond to discovery and failure to comply with the Court's Orders. Furthermore, Plaintiff's inaction indicates bad faith on her behalf. First, Plaintiff failed to make her initial disclosures as required by the Court's Scheduling Order. Plus after the Court granted Defendant's Motion to Compel, Plaintiff still failed to comply. Likewise, Plaintiff did not respond to the Court's Show Cause Order. Then, Plaintiff did not pay the fees awarded as sanctions by the Court. Next, even after Plaintiff was warned in the Court's first Report and Recommendation that failure to comply with the Court's Orders could lead to a recommendation of dismissal, Plaintiff still failed to respond to Defendant's interrogatories and requests for production or pay the fees awarded by the Court. Finally, Plaintiff has failed to respond to the current Motion to Dismiss. The Court, therefore, finds that these failures on Plaintiff's part show willfulness, bad faith, and fault.

As to the second factor, it appears that Defendant has been prejudiced by Plaintiff's

---

[9] *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citing *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir.1998)).

[10] *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir.1980)).

conduct. Defendant has been unable to proceed with discovery because Plaintiff has failed to respond to its interrogatories and requests for production. This delay undoubtedly prejudiced Defendant by affecting its ability to prepare a defense to Plaintiff's claim.

In applying the third factor, whether Plaintiff was warned that failure to cooperate could lead to dismissal, the Court finds that this factor also weighs in favor of dismissal. In the Report and Recommendation on Defendant's first Motion to Dismiss, the Court cautioned Plaintiff that failure to comply with the Court's Orders could result in dismissal of her claim. Furthermore, Plaintiff was on notice of Defendant's Motion to Dismiss through the Court's electronic filing system which electronically mailed notice of the Motion to Plaintiff's counsel. "[Plaintiff] is considered to have 'notice of all facts, notice of which can be charged upon [her] attorney.'"[11] Despite the pending Motion to Dismiss, though, Plaintiff failed to respond.

Regarding the fourth factor, whether the Court considered less drastic sanctions, the Court has given Plaintiff ample opportunity to further the prosecution of this case, but Plaintiff has failed to do so. Additionally, the Court has previously imposed the lesser sanction of ordering Plaintiff to pay Defendant's fees and expenses. Based on this clear record of delay and contumacious conduct, the Court finds that no lesser sanction would better serve the ends of justice. The Court, therefore, recommends that Defendants' Motions to Dismiss be **GRANTED** with prejudice based on Plaintiff's failure to prosecute and failure to comply with the Court's Orders.

## B. Dismissal as a Sanction for Discovery Abuse Under Rule 37(b)

In addition to the Court's power to dismiss an action under Rule 41(b), the court also has the authority to dismiss under Federal Rule of Civil Procedure 37(b) as a sanction for bad faith

---

[11] *Link*, 370 U.S. at 634 (quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1880)).

conduct during discovery.[12] When a party fails to comply with a court's order granting a motion to compel discovery, the court may impose sanctions under Rule 37.[13] Included among the sanctions that the court may issue is dismissal of the lawsuit.[14] Sanctions are "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."[15] As for the specific sanction of dismissal, dismissal of an action is warranted if the wrongdoing party has committed "flagrant bad faith."[16] In the Sixth Circuit, "[d]ismissal is the sanction of last resort. It should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault."[17] The factors for a court to consider when imposing the sanction of dismissal under Rule 37(b) are the same as those under Rule 41(b).[18]

Based on Plaintiff's discovery delays, the Court recommends dismissal as an appropriate sanction under Rule 37(b). Plaintiff has failed to comply with the Court's Orders compelling discovery responses. It would appear that Plaintiff's failure to abide by the Court's Orders is willful and due to her own fault. Additionally, the Court previously considered and imposed

---

[12] Fed. R. Civ. P. 37; *Chambers v. NASCO*, 501 U.S. 32, 65 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763 (1980).

[13] Fed. R. Civ. P. 37(b).

[14] Fed. R. Civ. P. 37(b)(2)(A)(v).

[15] *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

[16] *Jackson v. Nissan Motor Corp.*, 121 F.R.D. 311, 319 (M.D. Tenn. 1988) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976)).

[17] *Beil v. Lakewood Engineering & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994).

[18] See *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997). As discussed in Part A. above, those factors are: whether the plaintiff's failure to cooperate in discovery shows willfulness, bad faith, or fault; whether the adversary was prejudiced by a failure to cooperate in discovery; whether a party was warned that the failure to cooperate could lead to dismissal; and whether the court considered less drastic sanctions. *Id.*

lesser sanctions and specifically warned Plaintiff that failure to cooperate could lead to the sanction of dismissal.  Additionally, Plaintiff has failed to offer any justification for her failure to respond to Defendant's discovery requests.  Furthermore, the Plaintiff was on notice of the Motion to Dismiss through the Court's Electronic Filing System and failed to respond to this Motion as well.  Based on this conduct, the Court recommends that Defendant's Motion for Dismissal under Rule 37(b) be **GRANTED**.

## **CONCLUSION**

In accordance with Federal Rules of Civil Procedure 41(b) and 37(b), the Court finds it appropriate to dismiss Plaintiff's action for failure to prosecute, failure to comply with the Orders of the Court, and for discovery abuse.  The Court, therefore, recommends that Defendant's Motion be **GRANTED**, and Plaintiff's case be dismissed with prejudice.

**s/ S. Thomas Anderson**
**S. THOMAS ANDERSON**
**UNITED STATES MAGISTRATE JUDGE**

Date: April 3rd, 2008.

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS FROM THE DATE OF SERVICE OF THE REPORT. FAILURE TO FILE THEM WITHIN TEN (10) DAYS OF SERVICE MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.